**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.H.**

**No. 22-0300** (Mercer County 21-JA-29)

**MEMORANDUM DECISION**

Petitioner Father M.D.[1] appeals the Circuit Court of Mercer County's March 23, 2022, order terminating his parental, custodial, and guardianship rights to E.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2021, the DHHR filed a petition alleging that petitioner physically abused E.H. and abandoned the child. The DHHR further alleged that petitioner had not had contact with the child since August 2019. Despite having been granted supervised visitation with the child during unrelated family court proceedings, petitioner failed to exercise this visitation. Finally, the DHHR alleged that petitioner had a prior criminal conviction for child abuse in North Carolina in 2006.

The circuit court held an adjudicatory hearing in August 2021. Petitioner did not appear at the hearing, but his counsel appeared on his behalf. The circuit court heard testimony from two child protective services ("CPS") workers and the mother. The CPS workers both testified to petitioner's physical abuse of E.H. and the injuries the child suffered. The mother testified that petitioner had not had contact with E.H. since 2019. She stated that petitioner had attempted to contact her in May 2020, but the family court directed her to have no contact with him and that petitioner must contact the supervised visitation agency specified in the family court order to

---

[1]Petitioner appears by counsel John G. Byrd. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee A. Niezgoda. Counsel Joshua J. Lawson appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

exercise visitation with E.H. At the culmination of the evidence, the circuit court concluded that petitioner had abandoned and abused E.H. and adjudicated him as an abusing parent.

In February 2022, the circuit court held the final dispositional hearing. The DHHR called a CPS worker who testified that petitioner did not attend two appointments for a parental fitness evaluation and had not cooperated with the DHHR throughout the proceedings. Petitioner testified that he did not physically abuse the child and that the marks on the child's buttocks were "Mongolian spots," a medical condition that causes discoloration of the skin. Petitioner also asserted that he did not abandon his child. He explained he was having visitation with E.H. that suddenly ceased, after which he sought legal help regarding contact with the child but did not make any progress. He asserted he was not aware of orders regarding visitation, did not know how to proceed, and could not reach the mother. Petitioner further testified that he had an extensive conversation with the guardian ad litem, who he admits implored him to participate in the services offered by the DHHR, which he then failed to do. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his rights was necessary for the child's welfare. Accordingly, the court terminated petitioner's parental, custodial, and guardianship rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in failing to apply a less restrictive disposition than termination of his parental, custodial, and guardianship rights. In support, petitioner argues that he made many attempts to comply with services, but the record does not support this assertion.

On the contrary, the record shows that petitioner made almost no effort to comply with services or the proceedings below, failing to take even the minimal step of completing his psychological evaluation. Even more importantly, at disposition petitioner continued to deny the issues for which he was appropriately adjudicated, as he claimed that he never physically abused or abandoned the child. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Given that petitioner would not acknowledge these issues, it is clear that there was no reasonable likelihood that he could correct them. Because the court made the findings necessary to terminate petitioner's parental, custodial, and guardianship rights upon ample evidence, we find

---

[3]The child's mother is nonabusing, and the permanency plan for the child is to remain in the mother's care.

no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental, custodial, and guardianship rights upon finding that there is no reasonable likelihood that conditions of neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental, custodial, and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 23, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn